[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12160

Non-Argument Calendar

_____

PETER JOACHIM ALBANO,

Plaintiff-Appellant,

ISABELLA MARINE CORP.,
OCEAN RESORT, LLC,

Plaintiffs,

*versus*

PATRIC J PERIH,
In Personam,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-23324-JLK

_____

Before ROSENBAUM, ABUDU, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Peter Joachim Albano, proceeding pro se, appeals from the district court's order granting summary judgment in favor of Defendant-Appellee Patric Perih in a negligence action brought in federal court under admiralty jurisdiction. Albano alleged in his complaint that Perih recklessly operated his vessel at an excessive speed, generating a wake that caused damage to Albano's docked vessel. The district court determined that Albano's evidence that Perih caused the damage to his boat was too speculative to create a genuine issue of material fact and that he is not entitled to damages. After careful review, we affirm.

**I.**

The relevant facts, drawn from the summary judgment record, as are follows. On June 17, 2019, Perih piloted his vessel, *Perihdise II*, from the waters of Coconut Grove, Florida, towards Aventura. During the trip, Perih approached the Haulover Inlet Bridge and slowed the speed of his vessel before passing underneath. After passing the bridge, Perih observed a sign that read "resume normal safe operation" and resumed traveling at a speed of less than ten knots. Perih then proceeded north past the Bill Bird Marina. After

passing the marina, Perih observed another vessel on his port (left) side traveling in the opposite direction. A video was later posted on Facebook, showing a vessel creating a wake as it traveled past the Bill Bird Marina.

On or about June 26, 2019, Florida Fish and Wildlife Conservation Commission (FWC) Officer David Moschiano responded to a report of a boating incident at the Bill Bird Marina that caused damage to a number of boats docked there. Officer Moschiano was not able to establish the conditions of any personal vessels at the Bill Bird Marina prior to the alleged incident, and he did not speak to anyone who witnessed the alleged damage occur. He did, however, speak to Albano, who was inside the vessel named the *M/Y Isabella* at the time of the alleged incident. Officer Moschiano's report noted that Albano's Wellcraft vessel had gelcoat damage and the transom bracket seemed to be taking on water. Officer Moschiano also reported that he spoke to Miami-Dade Fire Rescue Lieutenant George Izquierdo, who inspected the fire boat docked at the Bill Bird Marina on June 17, 2019. According to the report, Lieutenant Izquierdo and his team inspected the fire boat at 7:00 a.m. and found no damage but later discovered damage to the fire boat's rub rail and aluminum hull during an inspection at 1:45 p.m. None of the Miami-Dade Fire Rescue personnel witnessed how the damage occurred. Officer Moschiano ultimately did not issue a citation based on the alleged incident.

Albano, along with Ocean Resort, LLC, and Isabella Marine Corp. (collectively, the Vessel Owners), sued Perih for negligence,

alleging that he recklessly operated his boat resulting in a large wake in a minimum wake zone and causing damage to their vessels. Albano claimed damage to his 2001, unnamed Wellcraft vessel and also appeared as the corporate representative on behalf of Isabella Marine Corp., which claimed damage to its vessel, the *M/Y Isabella*. At a deposition, Albano was unable to testify as to the exact date that the alleged incident occurred. But he did attest that he was inside the *M/Y Isabella* when he felt a wake hit the boat, causing it to "violently shak[e]." He ran to the vessel's exterior and observed the purportedly offending vessel in the distance, roughly a half mile away. He also observed the boarding ladder on the *M/Y Isabella* cracked. Albano testified that he heard people yelling on the marina's fuel dock, and they told him that "[t]he fuel dock got smashed."

During discovery, Perih submitted a public records request to Miami-Dade County, which operates the Bill Bird Marina. The County reported that there were "no records of vessels that were damaged by a wake on or about June 17, 2019," and it "did not have records showing wake damage to the fuel dock located at the Bill Bird Marina in Haulover Park on or about June 17, 2019."

Following the close of discovery, Perih moved for summary judgment, arguing that there was insufficient evidence both to establish that his passage by the Bill Bird Marina on June 17, 2019, caused the damage to the Vessel Owners' boats and to show they were entitled to damages. In response, the Vessel Owners, represented at this stage by counsel, maintained that the evidence of the

damage to the Miami-Dade County fire boat and the video from social media created a genuine dispute of material fact over whether Perih caused damage to their boats, and invoices for repairs were sufficient to create a genuine dispute of material fact on the damages.

The district court granted summary judgment for Perih. It explained that the record evidence was too speculative to support a finding of causation. For example, Officer Moschiano testified that it was possible that another vessel could have caused the damage to Vessel Owners' boats, and Miami-Dade County's public records response stated that there was no record of any vessels damaged on the date of the alleged incident. Albano was also unable to testify about the date the damage occurred to the *M/Y Isabella* and Wellcraft vessels. And although Albano testified that he emerged from the *M/Y Isabella* following the wake and saw people on the dock screaming, the video from social media showed no one on the fuel dock at the time. The district court also determined that the Vessel Owners' claim for damages was not compensable because the alleged damage had no impact on the vessels' seaworthiness.

The Vessel Owners timely appealed. After assisting in filing their initial brief, the Vessel Owners' counsel withdrew. Because two of the Vessel Owners, Isabella Marine Corp. and Ocean Resort, LLC, are corporate entities and they did not retain counsel within the time permitted, the appeal was dismissed in part as it related to them. *See Palazzo v. Gulf Oil*, 764 F.2d 1381, 1385 (11th Cir. 1985).

Albano now proceeds pro se, and the only claim remaining on appeal is his negligence claim for damage to his Wellcraft vessel.

## II.

We review the grant of summary judgment de novo, "considering the facts and drawing all reasonable inferences in the light most favorable to the non-moving party." *Brady v. Carnival Corp.*, 33 F.4th 1278, 1281 (11th Cir. 2022). Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Ireland v. Prummell*, 53 F.4th 1274, 1286 (11th Cir. 2022) (internal quotation marks omitted and alteration adopted). But speculation is insufficient to create a genuine issue of material fact; "instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

## III.

In a maritime tort case, a federal court "acts as a federal 'common law court.'" *Air & Liquid Sys. Corp. v. DeVries*, 586 U.S. 446, 452 (2019). Accordingly, "we rely on general principles of negligence law." *Fuentes v. Classica Cruise Operator Ltd, Inc.*, 32 F.4th 1311, 1316 (11th Cir. 2022). To prevail on a maritime negligence claim, a plaintiff must prove "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's

24-12160                Opinion of the Court                    7

injury; and (4) the plaintiff suffered actual harm." *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1044 (11th Cir. 2019). To establish causation, the plaintiff must show both cause in fact, meaning "a cause and effect relationship . . . exist[s] between the alleged tortious conduct and the injury," and proximate cause, meaning that "the injury was a foreseeable result of the conduct in question." *Smith v. United States*, 497 F.2d 500, 506 (5th Cir. 1974).[1]

On appeal, Albano argues that the district court erred in granting summary judgment for Perih because there was a genuine dispute of material fact over both the causation and damage elements of his claim. On the issue of causation specifically, he asserts that the social media video and Officer Moschiano's testimony and incident report are sufficient to create a genuine issue of material fact.

We disagree. No record evidence establishes the condition of Albano's Wellcraft vessel before the time of the alleged incident. Officer Moschiano did testify that based on the video's depiction of the wake and the amount the vessels moved, he had "no doubt . . . that that wake would have caused the damage" that he reported. But he also admitted it was possible for a vessel other than Perih's to have caused the damage and acknowledged that the Bill Bird Marina was a "very busy area" in terms of boat traffic. He did

---

[1] All decisions rendered by the Fifth Circuit prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

not speak to anyone who saw the damage occur or who could establish the condition prior to June 17, 2019.

Nor does the evidence that the fire boat suffered damage on the alleged date of the incident create a genuine factual dispute over the matter of causation. We agree with the district court that we would be engaging in the sort of speculation that is improper at the summary judgment stage if we were to infer that Perih caused damage to Albano's Wellcraft vessel because the Miami-Dade County fire boat sustained damage at some point over a near six-hour period on the date in question. *See Cordoba*, 419 F.3d at 1181. Similarly, it would not be reasonable to infer from Albano's testimony that he noticed damage to the boarding ladder on the *M/Y Isabella* after the wake to mean that the wake caused the alleged damage to the Wellcraft's gelcoat and transom bracket.

Therefore, Albano has not presented sufficient evidence for a reasonable jury to return a verdict in his favor on the causation element of his negligence claim. *See Ireland*, 53 F.4th at 1286. We therefore affirm the district court's grant of summary judgment in favor of Perih. Because we affirm the district court's finding that Albano's negligence claim cannot survive summary judgment based on the causation element, we need not address the issue of damages.

**AFFIRMED.**